UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

:

CLAUDE HOLMES,                                                      :

:

Plaintiff,                         :

:

-v-                              :        14-cv-8289 (KBF)

:

NEW YORK CITY DEPARTMENT OF CITY                                   :        OPINION & ORDER

WIDE ADMINISTRATIVE SERVICES,                                      :

:

Defendant.                         :

:

------------------------------------------------------------------ X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: April 30, 2015

KATHERINE B. FORREST, District Judge:

On November 22, 2013, plaintiff Claude Holmes filed an action against

defendant the New York City Department of Citywide Administrative Services

("DCAS"), alleging, inter alia, that his supervisor at DCAS had subjected him to

racial slurs and thereby created a hostile work environment, and that he was

demoted and then terminated due to racial discrimination, in violation of Title VII

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.  (See 13-

cv-8445 ECF No. 2.)  Holmes initially proceeded pro se, but he later retained

counsel, who filed an amended complaint that added claims based on the New York

City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8–101 et seq.[1]  (13-

cv-8445 ECF No. 16.)

On October 8, 2014, plaintiff Claude Holmes filed the action currently before

this Court against DCAS, asserting claims under the Americans with Disabilities

---

[1] Holmes' amended complaint also named the City of New York and Sukhedo Sewdat, Holmes' DCAS
supervisor, as defendants.  (13-cv-8445 ECF No. 16 ¶¶ 8, 12, 15.)

Act ("ADA"), 42 U.S.C. §§ 12112-12117, and Title VII.  (ECF No. 1 ("Compl.").)
Holmes filed this action <u>pro se</u>, even though he was represented by counsel in the
earlier-filed action.

Confronted with Holmes' two actions, which appeared to assert overlapping
claims, the Court held a joint conference on December 12, 2014, at which Holmes
was ordered to appear in person and to show cause why the later-filed action should
not be dismissed.  (ECF No. 9.)  At the conference, Holmes and his counsel in the
earlier-filed action represented that the later-filed action currently before the Court
concerns a different time period and a different adverse employment action than
that at issue in the earlier-filed action.  (<u>See</u> Transcript of December 12, 2014
Conference, ECF No. 14 ex. A ("Tr.") at 3-4.)  Holmes also stated that in the later-
filed action he is alleging disability discrimination under the ADA, and not race
discrimination under Title VII.  (Tr. 6-7.)  For this reason, the Court dismissed the
Title VII claim asserted in Holmes' initial complaint, as memorialized in an order
dated December 15, 2014.  (Tr. 8, 16; ECF No. 11.)  Following the conference, the
earlier-filed action settled.  (ECF No. 29 at 2; 13-cv-8445 ECF No. 55.)  Accordingly,
this Opinion & Order addresses Holmes' later-filed action only.

On February 12, 2015, DCAS moved to dismiss via a letter-motion.  (ECF
Nos. 13-14.)  Holmes submitted an affirmation in opposition (ECF No. 19 ("Pl.'s
Opp'n"))[2] on March 11, 2015.[3]  The motion became fully briefed on March 19, 2015.
(ECF No. 22.)

---

[2] Over the course of this proceeding, Holmes has submitted a number of materials that relate only to
the Title VII discrimination, hostile work environment, and retaliation claims asserted in the earlier-

Despite the pending motion to dismiss, Holmes then filed a proposed[4] amended complaint on April 7, 2015.  (ECF No. 25 ("Am. Compl.").)  The proposed amended complaint asserts an ADA claim; it does not assert a Title VII claim.[5] (Am. Compl.)  It specifies that Holmes' alleged disability is a "right knee injury." (Am. Compl. § II.D.)  In both his initial complaint and his proposed amended complaint, Holmes seeks, <u>inter alia</u>, reinstatement of his job and back wages. (Compl. § IV; Am. Compl. § IV.)  On April 24, 2015, DCAS filed a letter requesting that the Court either strike or dismiss Holmes' proposed amended complaint.  (ECF No. 29.)  The Court deems the proposed amended complaint as a proffer of those facts plaintiff would assert were he provided an opportunity to amend.

Plaintiff's claims—in his complaint and his proposed amended complaint— are insufficient to state a claim.  Moreover, any amendment would be futile. Holmes' temporary knee and ankle injuries do not qualify, separately or taken together, as a "disability" within the meaning of the ADA.  And because Holmes has

---

filed proceeding.  (<u>See</u> ECF Nos. 3, 7, 17, 19.)  Because of Holmes' clear and explicit representation that he is not pursuing a Title VII claim in the instant proceeding, and because these documents concern an entirely different time period and a different adverse employment action than that at issue here, the Court generally disregards these materials, thought it has reviewed them in their entirety and will cite to them to the extent they are relevant to the motion currently before the Court.

[3] On March 12, 2015 Holmes requested that <u>pro bono</u> counsel be appointed to represent him.  (ECF No. 20.)  Upon consideration of both the procedural posture of this action and the standard governing appointment of counsel in this District, the Court denied the application later that same day.  (ECF No. 21.)

[4] Because more than 21 days had then passed since DCAS filed its motion to dismiss, Holmes' amendment to his complaint was not as of right.  <u>See</u> Fed. R. Civ. P. 15(a)(1).  He now seeks leave to amend his complaint.  (<u>See</u> Pl.'s Opp'n ex. 6 at 17.)

[5] The proposed amended complaint contains broad allegations that DCAS terminated Holmes' employment, failed to promote him, imposed unequal terms and conditions of employment, and retaliated against him due to his disability, and failed to reasonably accommodate his disability. (<u>See</u> Am. Compl. § II.)

not plausibly alleged that he has a disability or a record of a disability, and/or that he is regarded as having a disability, DCAS cannot have discriminated against him on the basis of disability, or failed to reasonably accommodate his disability. Therefore, and for the reasons that follow, the Court GRANTS DCAS's motion to dismiss Holmes' initial complaint and DENIES Holmes leave to amend his complaint because it would not survive a motion to dismiss, and thus amendment would be futile.  The Court accordingly DISMISSES this action.

I.      LEGAL STANDARD

      A.      <u>Motion to Dismiss</u>

Under Federal Rule of Civil Procedure 12(b)(6),[6] a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Starr v. Sony BMG Music Entm't</u>, 592 F.3d 314, 321 (2d Cir. 2010) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

---

[6] DCAS has not specified whether its motion to dismiss is brought pursuant to Rule 12(b)(6) or Rule 12(c).  The Court will construe the motion as having been brought under Rule 12(b)(6).  But because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim," <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001), the result is the same regardless of whether the motion was filed under Rule 12(b)(6), Rule 12(c), or both rules.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." <u>Id.</u>  The Court will give "no effect to legal conclusions couched as factual allegations." <u>Port Dock & Stone Corp. v. Oldcastle Ne., Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007) (citing <u>Twombly</u>, 550 U.S. at 555).  If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"— dismissal is appropriate.  <u>Twombly</u>, 550 U.S. at 570.

Complaints drafted by <u>pro se</u> plaintiffs are construed "liberally" and interpreted "to raise the strongest arguments that they suggest." <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, to survive a motion to dismiss, a <u>pro se</u> plaintiff must still plead enough facts to state a claim to relief that is plausible on its face. <u>See</u> <u>Hill v. Curcione</u>, 657 F.3d 116, 122 (2d Cir. 2011).  A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." <u>L-7 Designs, Inc. v. Old Navy, LLC</u>, 647F.3d 419, 422 (2d Cir. 2011) (quoting <u>Sira v. Morton</u>, 380 F.3d 57, 67 (2d Cir. 2004)).

B.   <u>Motion to Amend</u>

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003). Futility turns on whether an amended pleading could withstand a motion to dismiss under Rule 12(b)(6). <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F .2d 119, 123 (2d Cir. 1991).

## II.   DISCUSSION

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show "(a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." <u>Brady v. Wal-Mart Stores, Inc.</u>, 531 F.3d 127, 134 (2d Cir. 2008).

Here, Holmes has failed to allege that is disabled within the meaning of the ADA, and he has failed to plead facts from which this Court could draw the inference that he was terminated due to his alleged disability. Accordingly, his

claims must be dismissed, and his motion to amend the complaint must be denied because his proposed amendment would be futile.[7]

    A.    <u>Disability</u>

        1.    <u>Legal standard.</u>

To state a claim under the ADA, a plaintiff must allege that he or she is disabled within the meaning of the statute.  <u>Brady</u>, 531 F.3d at 134; <u>Wernick v. Fed. Reserve Bank</u>, 91 F.3d 379, 383 (2d Cir. 1996).  Under the ADA, an individual is disabled if they: (1) have "a physical or mental impairment that substantially limits one or more major life activities"; (2) have "a record of such an impairment"; or (3) are "regarded as having such an impairment."  <u>See</u> 42 U.S.C. § 12102(1); <u>Widomski v. State Univ. of N.Y. (SUNY) at Orange</u>, 748 F.3d 471, 474 (2d Cir. 2014).  Major life activities are "activities that are of central importance to daily life."  <u>Capobianco v. City of New York</u>, 422 F.3d 47, 56 (2d Cir. 2005) (quoting <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 197 (2002)).  Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

"Courts within this [C]ircuit, and the vast majority of courts elsewhere which have considered the question, have held that temporary disabilities do not trigger the protections of the ADA because individuals with temporary injuries are not disabled persons within the meaning of the act."  <u>Dudley v. N.Y.C. Housing Auth.</u>,

---

[7] The Court thus need not reach the argument belatedly raised by DCAS in its April 24, 2015 letter that Holmes' ADA claim should be dismissed because he has failed to exhaust the available federal administrative remedies.

No. 12 Civ. 2771(PGG), 2014 WL 5003799, at *34 (S.D.N.Y. Sept. 30, 2014)

(alteration in original) (quoting Graaf v. N. Shore Univ. Hosp., 1 F. Supp. 2d 318,

321 (S.D.N.Y. 1998); see also Fagan v. United Int'l Ins. Co., 128 F. Supp. 2d 182,

186 (S.D.N.Y. 2001) (plaintiff's injury must have "long-term impact to qualify as a

disability under the terms of the ADA").  The Second Circuit has found that a

temporary impairment of seven months is "too short [in] duration . . . to be

'substantially limiting,'" and thus to constitute a disability under the ADA.  Adams

v. Citizens Advice Bureau, 187 F.3d 315, 316-17 (2d Cir. 1999) (alterations in

original) (quoting Colwell v. Suffolk Cnty. Police Dep't, 158 F.3d 635, 646 (2d Cir.

1998)).  Serious injuries to an individual's knees or legs that cause only a temporary

inability to work do not constitute a disability under the ADA.  See, e.g., Zick v.

Waterfront Comm'n of N.Y. Harbor, No. 11 Civ. 5093(CM), 2012 WL 4785703, at *4-

5 (S.D.N.Y. Oct. 4, 2012); Miller v. McHugh, 814 F. Supp. 2d 299, 316-17 (S.D.N.Y.

2011); Fagan, 128 F. Supp. 2d at 185-86.  An exception to this general rule is that

"[a]n impairment that is episodic or in remission is a disability if it would

substantially limit a major life activity when active."  42 U.S.C. § 12102(4)(D).

        2.     Analysis.[8]

Holmes alleges that on March 7, 2013 he slipped and fell in a stairwell while

working at the Bronx Housing Court, and sustained an injury to his knees

(primarily his right knee) and his right ankle that led him to go out on approved

---

[8] Because Holmes' complaint and his proposed amended complaint are what one might call "bare bones," for the purposes of establishing Holmes' precise factual allegations the Court has reviewed Holmes' initial complaint, his proposed amended complaint, and all of the parties' written submissions to the Court, well as Holmes' oral representations to the Court at the December 12, 2014 conference.

leave from around May 28, 2013 through November 20, 2013.  (See Tr. 4, 13; Pl.'s

Opp'n ex. 4 at 19, ex. 5, ex. 6 at 1-2; ECF No. 17 at 11.)  He alleges that this injury

has substantially impaired his ability to walk.  (See Pl.'s Opp'n ex. 6 at 17.)  Holmes

attempted to return to work on November 21, 2013, at which time DCAS

terminated his employment.  (Tr. 4-5, 13; Pl.'s Opp'n ex. 4 at 1, ex. 5 at 1.)

Holmes subsequently filed for workers' compensation, and provided DCAS

with medical documentation concerning his injuries and a statement describing how

the accident occurred and the nature and extent of his injuries.  (Tr. 4; ECF No. 14

ex. B ("WC Statement").[9])  In this statement, Holmes represented that he was also

suffering from headaches; that he was receiving physical therapy three times per

week; and that he might need knee surgery.  (WC Statement.)

Holmes also alleges, via medical documentation from his treating physician,

Dr. Gideon Hedrych, that he has been diagnosed with injuries to both knees and his

right ankle.  (See Pl.'s Opp'n ex. 4 at 11, ex. 5 at 2, 9.)  A note from Dr. Hedrych

dated October 3, 2013 states that the "anticipated length" Holmes' "disability" was

until October 31, 2013.  (Pl.'s Opp'n ex. 4 at 18.)  On November 7, 2013, Dr. Hedrych

gave his right knee injury, which is the injury that Holmes specifies constitutes his

disability (Am. Compl. § II.D),[10] a prognosis of "fair for recovery," and cleared

Holmes to return to work for "full duty" as of November 21, 2013.[11]  (Pl.'s Opp'n ex.

---

[9] Holmes referenced his workers' compensation application during the December 12, 2014
conference.  (See Tr. 4.)  DCAS attached the application to their opening brief.  (WC Statement.)

[10] Holmes' initial complaint does not specify his disability.  (See Compl. § II.D.)

[11] Another undated and unsigned medical note submitted by Holmes states that Holmes' knee
condition had a "probable duration" of "6 months."  (Pl.'s Opp'n ex. 4 at 12.)  An additional note

4 at 11.)  Further, the results of an orthopedic examination on June 26, 2014 state that Holmes is "capable of returning to work with the following restriction: No squatting."  (ECF No. 19 ex. 5 at 9.)

Holmes' right knee injury is a temporary, transitory impairment that does not qualify as a disability under the ADA.[12]  Indeed, Holmes alleges that his injuries were treatable with physical therapy and possibly surgery, and that his medical providers repeatedly indicated to him that his disability was expected to last only several months and that he would be capable of returning to work by the end of 2013.  As courts in this district have repeatedly found in factually similar cases, these allegations are insufficient to plausibly establish that Holmes had a disability as defined in the ADA.  See Zick, 2012 WL 4785703, at *4-5; Miller, 814 F. Supp. 2d at 316-17; Fagan, 128 F. Supp. 2d at 185-86.  Indeed, Holmes' impairment of approximately eight months is of nearly the same length as the seven-month impairment found by the Second Circuit in Adams to be too short in duration to constitute a disability.  187 F.3d at 316-17.

Thus, Holmes has failed to plausibly allege that he has a "a physical or mental impairment that substantially limits one or more major life activities."[13]  42 U.S.C. § 12102(1).  Nor has Holmes provided any allegations that he has a "record of

---

[12] To the extent Holmes also alleges that his left knee and right ankle injuries are disabilities, they too are temporary injuries that do not qualify as disabilities under the ADA, whether considered separately, jointly, or in conjunction with Holmes' right knee injury.

signed by Dr. Hedrych on June 27, 2013 does not specify the duration of Holmes' condition.  (See Pl.'s Opp'n ex. 4 at 14-16.)

[13] Holmes' allegation that his injury has substantially impaired his ability to walk is conclusory and lacks elaboration, and accordingly, does nothing to change this determination.

such an impairment" or is "regarded as having such an impairment," id., and he does not allege that his knee and ankle impairments are "episodic" in nature, 42 U.S.C. § 12102(4)(D). Holmes has therefore failed to adequately allege that he is disabled within the meaning of the ADA. Accordingly, his disability discrimination and reasonable accommodation claims must be dismissed, and his proposed amendment to his complaint must be denied as futile.

      B.    <u>Causal Connection</u>

          1.    <u>Legal standard.</u>

To establish a claim of disability discrimination under the ADA, the adverse employment action must be causally linked to the alleged act of discrimination on the basis of disability. <u>See, e.g.</u>, <u>Parker v. Sony Pictures Entm't, Inc.</u>, 260 F.3d 100, 107 (2d Cir. 2001) (a "causal connection between a disability and an adverse employment action" is "requisite" for establishing liability for discrimination claim under the ADA); <u>Pearson v. Unification Theological Seminary</u>, 785 F. Supp. 2d 141, 163 (S.D.N.Y. 2011) ("causal showing for a prima facie case" of disability discrimination is "requisite").

          2.    <u>Analysis.</u>

Holmes alleges that he was wrongfully terminated on account of discrimination. However, assuming <u>arguendo</u> that Holmes has adequately alleged that he has a disability within the meaning of the ADA (which, for the reasons set forth above, he has not), the complaint, the proposed amended complaint, and Holmes' other written submissions are devoid of any factual detail that would permit this Court to infer that he was terminated from DCAS <u>because of</u> his

disability.  The complaint's and the proposed amended complaint's vague and conclusory assertions do not sufficiently allege the requisite causal nexus, which constitutes a separate and independent ground for dismissing Holmes' ADA claim and denying his motion to amend.

III.    CONCLUSION

For the reasons set forth above, the Court GRANTS DCAS's motions to dismiss Holmes' complaint and DENIES his motion for leave to amend the complaint.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:      New York, New York
            April 30, 2015

_____
            KATHERINE B. FORREST
            United States District Judge

Copy to:
Claude Holmes
claudeholmes22@gmail.com